Zack Broslavsky (241736)
Jonanthan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
(310) 575-2550 (telephone)
(310) 464-3550 (facsimile)
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

*Attorneys for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)**

| | |
|---|---|
| In re JESUS MANUEL COSIO and ANGELICA MENDEZ COSIO,<br><br>Debtors, | No. 14-25804<br>DC No. JMC-1<br><br>Chapter 7<br><br>Judge Thomas C. Holman<br><br>**MOTION TO REOPEN BANKRUPTCY TO AMEND SCHEDULES** |

Debtors, Jesus Manuel Cosio and Angelica Mendez Cosio, hereby move to reopen the above-captioned bankruptcy case under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010 to amend Schedules B and C of their bankruptcy to list and exempt a recently discovered pre-bankruptcy claim/asset.

1. Debtors recently learned of another potential asset in the bankruptcy estate, a pre-petition legal claim, after they retained the instant counsel. The claim is technical, and the Debtors would not have recognized they had a claim even if they had full knowledge of the relevant facts. Hence, Debtors inadvertently omitted this claim from the bankruptcy schedules filed with their original petition. Debtors have not sought to enforce, prosecute, or collect on this claim in any way.

2. Motions to reopen a bankruptcy "should be routinely granted because the case is necessarily reopened to consider the underlying request for relief." *In re Dodge*, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992) (citing *In re Corgiat*, 123 B.R. 388, 392, 393 (Bankr. E.D. Cal. 1991)). Where a debtor inadvertently omits a cause

of action in her bankruptcy schedules, "[t]he correct solution is often to reopen the bankruptcy case and order the appointment of a trustee who, as owner of the cause of action, can determine whether to deal with the cause of action for the benefit of the estate." *In re An-Tze Cheng*, 308 B.R. 448, 460 (9th Cir. BAP 2004). In that situation,

> [t]he expedient solution . . . is to require the parties to return to bankruptcy court for reopening so that a trustee can be appointed to deal with the cause of action that is property of the estate. The trustee has authority to act for the benefit of the estate and may sell the cause of action, prosecute it in nonbankruptcy court, settle it, or abandon it to the debtor as of inconsequential value to the estate. The worst thing the parties can do is to ignore the property of the estate problem. The worst thing a bankruptcy court can do is to frustrate the process by refusing to reopen and order the appointment of a trustee who can definitively deal with property of the estate.

*In re Lopez*, 283 B.R. 22, 32-33 (9th Cir. BAP 2002). Under the circumstances, it is appropriate to reopen the case so the Court can administer the newly-discovered asset. *See In re Herzig*, 96 B.R. 264, 266 (9th Cir. BAP 1989) (while "motion to reopen [bankruptcy] is addressed to the sound discretion of the bankruptcy court," "the court has the duty to reopen an estate whenever *prima facie* proof is made that it has not been fully administered").

3.  As the amended schedules indicate, Debtors believe the value of this recently-discovered claim does not exceed their remaining exemptions. (The bankruptcy schedules reflect the Debtors' maximum good faith valuation of the claim.) If the Debtors' valuation of the claim is correct, their bankruptcy schedules should be amended to confer standing on the Debtors to freely pursue their claim. If not, the trustee should either abandon the claim to the Debtors, pursue the claim on its own, or authorize Debtors and their attorneys to prosecute the claim.

WHEREFORE, Debtors respectfully request the Court reopen the Debtors' bankruptcy case and appoint a trustee, and grant such other and further relief as is appropriate and just.

Dated: February 17, 2015        By:  s/Zack Broslavsky
                                     Zack Broslavsky (241736)

Jonanthan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
(310) 575-2550 (telephone)
(310) 464-3550 (facsimile)
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

*Attorneys for Debtors*

Motion to Reopen Bankruptcy                                                                                              No. 14-25804