Zack Broslavsky (241736)
Jonanthan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
(310) 575-2550 (telephone)
(310) 464-3550 (facsimile)
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| In re JESUS MANUEL COSIO and ANGELICA MENDEZ COSIO,<br><br>Debtors, | No. 14-25804<br>DC No. JMC-2<br><br>Chapter 7<br><br>Judge Christopher J. Jaime<br><br>**MOTION TO CLOSE BANKRUPTCY**<br><br>Hearing Date:   April 14, 2015<br>Time:                  9:30 a.m.<br>Courtroom:        32<br>United States Bankruptcy Court<br>Eastern District of California<br>501 I Street<br>Sixth Floor, Department B<br>Sacramento, California 90012 |

Jesus Manuel Cosio and Angelica Mendez Cosio (together, "Debtors") hereby move to re-close the above-captioned bankruptcy case under 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 5010.

On Debtors' Motion, the Court ordered their bankruptcy re-opened and re-appointed a trustee to administer any assets. (ECF Nos. 22, 23, 24.) This order provided an opportunity for the Debtors to amend their bankruptcy schedules to disclose an asset (i.e., newly-discovered legal claims). Under Rule 1009, Debtors had the right to amend their schedules "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). However, "[f]or the purposes of filing amendments, there is no difference between an open case and a reopened case, and

a debtor in a reopened case does not need the court's permission to amend." *In re Goswami*, 304 B.R. 386, 393 (9th Cir. BAP 2003) (quoting *In re Boyd*, 243 B.R. 756, 766 (N.D. Cal. 2000); punctuation omitted).

The Court's orders also provided an opportunity for the trustee to administer Debtor's newly-disclosed claims if he so chose. Based on communications from the trustee, Debtors understand that the trustee will not seek to further administer any property in the estate (including the claims listed in Debtors' amended bankruptcy schedules). As Debtors' amended bankruptcy schedules indicated, based on Debtors' most generous good-faith estimation, the newly-discovered claims still do not exhaust the remaining exemptions under California Code of Civil Procedure section 703.140(b)(5). (*See* ECF No. 18 at 9.) Under Rule 4003, the creditors had "30 days after any amendment to the list or supplemental schedules is filed" to object to Debtors' claimed exemption in the amended schedules. Fed. R. Bankr. P. 4003(b)(1). "Property claimed exempt is 'automatically exempt' in the absence of a timely objection (regardless of whether the exemption claimed is a valid one)." *In re Goswami*, 304 B.R. 386, 394 (9th Cir. BAP 2003) (citations, punctuation omitted). Debtors served their amended schedules on their scheduled creditors on February 26, 2015, and none of the creditors have filed any objection. (*See* ECF No. 19.) Hence, Debtors intend move re-close the bankruptcy. "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

Under the ordinary operation of 11 U.S.C. § 554, standing for the newly-scheduled claims reverts to Debtors once the Court re-closes their bankruptcy:

> Unless the court orders otherwise, any property scheduled under section 521 (a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

11 U.S.C. § 554(c). Properly-scheduled property that is "not otherwise administered during the case is abandoned to the debtor and deemed administered at the time of

closing." *In re Menk*, 241 B.R. 896, 911 (9th Cir. BAP 1999) (citing 11 U.S.C. § 554(c)). *See also In re Goswami*, 304 B.R. at 392 ("scheduled property of the estate that is not administered by the trustee is automatically abandoned to the debtor pursuant to § 554(c) upon closure of the case"); *Searcy v. Federal Home Loan Corp.*, No. 10-01920, 2010 WL 4027603, *2 (E.D. Cal. Oct. 14, 2010) ("[u]nder 11 U.S.C. 554(c), property that has been properly scheduled and is not otherwise administered is abandoned back to the debtor at the close of the case"). This leaves Debtors free to pursue the newly-scheduled claims by eliminating any potential confusion over whether they or the trustee retains standing to pursue those claims.

WHEREFORE, Debtors respectfully request the Court re-close the Debtors' bankruptcy case, and grant such other and further relief as is appropriate and just.

Dated: March 27, 2015    By: s/Zack Broslavsky
Zack Broslavsky (241736)
Jonanthan A. Weinman (256553)
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Boulevard, Suite 1250
Los Angeles, California 90025
(310) 575-2550 (telephone)
(310) 464-3550 (facsimile)
zbroslavsky@bwcounsel.com
jweinman@bwcounsel.com

*Attorneys for Debtors*